Timothy M. Frank (California Bar No. 263245)
timothy.frank@hnbllc.com
Kevin A. Goldberg (California Bar No. 315809)
kevin.goldberg@hnbllc.com
**HAGAN NOLL & BOYLE LLC**
820 Gessner, Suite 940
Houston, Texas 77024
Telephone: (713) 343-0478
Facsimile: (713) 758-0146

Attorneys for Plaintiffs DISH Network
L.L.C. and NagraStar LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| DISH NETWORK L.L.C. and NAGRASTAR LLC,<br><br>Plaintiffs,<br><br>v.<br><br>TVIZION LLC,<br>247 SMART LIFE, LLC, and<br>FERRAS JIM PSHEHALOUK,<br>individually and collectively d/b/a<br>https://tvizion.com and<br>https://247smartlife.com,<br><br>Defendants. | Case No. 8:18-cv-00727<br><br>**PLAINTIFFS' COMPLAINT FOR:**<br><br>**Violations of the Federal Communications Act, 47 U.S.C. §§ 605(a) and 605(e)(4)** |

Plaintiffs DISH Network L.L.C. ("DISH") and NagraStar LLC ("NagraStar" and, collectively with DISH, "Plaintiffs") bring this action against Defendants TVizion LLC, 247 Smart Life, LLC, and Ferras Jim Pshehalouk, individually and d/b/a https://tvizion.com and https://247smartlife.com (collectively, "Defendants"), and state as follows:

## PARTIES

1. Plaintiff DISH Network L.L.C. is a Colorado limited liability company with its principal place of business located at 9601 South Meridian Blvd., Englewood, Colorado 80112.

2. Plaintiff NagraStar LLC is a Colorado limited liability company with its principal place of business located at 90 Inverness Circle East, Englewood, Colorado 80112.

3. Defendant TVizion LLC ("TVizion") is an Oregon limited liability company with its principal place of business located at 23421 South Pointe Drive, Suite 180, Laguna Hills, California 92653.

4. Defendant 247 Smart Life, LLC ("247 Smart Life") is a Nevada limited liability company with its principal place of business located at 23421 South Pointe Drive, Suite 180, Laguna Hills, California 92653.

5. Defendant Ferras Jim Pshehalouk ("Pshehalouk") is an individual that resides in Aliso Viejo, California.

6. Pshehalouk is the manager and chief executive officer of TVizion and 247 Smart Life. Upon information and belief, Pshehalouk oversees the day-to-day operations and makes the final decisions concerning the business of TVizion and 247 Smart Life. Pshehalouk is believed to authorize, control, participate in, and receive direct financial benefits from the infringing activities of TVizion and 247 Smart Life as alleged herein. Upon information and belief, the infringing acts that Pshehalouk engaged in as an agent of TVizion and 247 Smart Life were within the scope of that agency.

## JURISDICTION AND VENUE

7. Plaintiffs assert claims under 47 U.S.C. §§ 605(a) and 605(e)(4). The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

8. Defendants reside in and conduct business in the State of California, and therefore are subject to this Court's personal jurisdiction.

9. Venue is appropriate in this Court under 28 U.S.C. § 1391(b)(1) because Defendants reside in this judicial district, § 1391(b)(2) because a substantial part of the events giving rise to Plaintiffs' claims occurred in this district, and § 1391(b)(3) because Defendants are subject to personal jurisdiction in this judicial district.

# NATURE OF THE ACTION

10. Defendants created a streaming television service under their own TVizion brand (the "Service"). Defendants sell subscriptions to the Service, which includes numerous television channels that were received without authorization from DISH's satellite service and were subsequently retransmitted without authorization on the Service. Defendants are believed to engage in or work in concert or participation with other persons that are receiving DISH's channels for retransmission on the Service without authorization. Defendants' actions violate the Federal Communications Act ("FCA"), 47 U.S.C. §§ 605(a) and 605(e)(4).

# DISH'S SATELLITE TELEVISION PROGRAMMING

11. DISH is the fourth largest pay-television provider in the United States and delivers programming to millions of subscribers nationwide via a direct broadcast satellite system.

12. DISH uses high-powered satellites to broadcast, among other things, movies, sports, and general entertainment services to consumers who have been authorized to receive such services after paying a subscription fee, or in the case of a pay-per-view movie or event, the purchase price.

13. DISH contracts for and purchases rights for the programming that is distributed on its platform from network affiliates, motion picture distributors, pay and specialty broadcasters, cable networks, sports leagues, and other holders of programming rights. The DISH programming includes the Cooking, Cinemax, HBO, Starz, and TruTV channels (collectively, the "DISH Programming").

14. NagraStar provides smart cards and other proprietary security technologies that form a conditional access system used to authorize receipt of DISH's satellite programming.

15. DISH Programming is scrambled prior to being transmitted to a number of satellites located in geo-synchronous orbit above Earth. The satellites relay the encrypted DISH signal back to Earth where it can be received by DISH subscribers

that have the necessary equipment, including a DISH receiver and NagraStar smart card. The receiver and smart card convert DISH's encrypted satellite signal into viewable programming that can be displayed on the attached television of an authorized DISH subscriber.

## DEFENDANTS' WRONGFUL CONDUCT

16. Defendants have engaged in improper acts and practices for the purpose of obtaining DISH Programming and distributing it to Defendants' Service subscribers, in violation of the FCA, 47 U.S.C. §§ 605(a) and 605(e)(4).

17. Defendants sell subscriptions to the Service through the websites https://tvizion.com ("Tvizion.com") and https://247smartlife.com ("247smartlife.com"). Defendants at times refer to the Service as "TVizion," and may use other names or labels to refer to the Service. Defendants advertise that the Service has "500+ Channels including HD Live TV, All Sports Channels, Childrens Channels, Thousands of Movies-On-Demand, Spanish and Filipino Channels." Defendants also market the Service with statements including "TIME TO CUT YOUR CABLE CORD WITH TVIZION" and "TVizion Doesn't Cost… It Pays."



18. DISH Programming is transmitted on Defendants' Service without authorization from DISH. The DISH Programming was received from DISH's satellite television service without authorization. The DISH Programming was distributed to Service subscribers for Defendants' benefit and the benefit of Service subscribers who were not entitled to receive the DISH Programming. Messages transmitted as part of DISH's satellite television signals were observed on the DISH Programming retransmitted on the Service, confirming that the DISH Programming originated from DISH subscriber accounts and DISH's satellite broadcasts.

19. Defendants sell subscriptions to the Service through Tvizion.com and 247smartlife.com for $49.95 per month. Payments for the Service are received by 247 Smart Life. After receiving the initial payment for the Service, Defendants provide the end user with instructions and three passcodes that can be used to add the Service to various streaming devices. At this point, the end user can receive unauthorized programming using the Service, including the DISH Programming. Defendants also sell packages starting at $259.00 that include 6 subscriptions to the Service that can be resold to other end users.

20. On March 31, 2018 and April 5, 2018, Defendants used their Facebook account located at https://www.facebook.com/tvizionbusinessgroup/ to advertise that the UFC 223 pay-per-view event would be free for Defendants' Service subscribers and persons that signed up for a free three-day trial. Upon information and belief, on April 7, 2018, Defendants distributed DISH's signal of UFC 223 to Defendants' service subscribers, including persons that signed up for a free trial. The purchase price for an authorized DISH subscriber to watch UFC 223 was $64.99.

> **TVizion**
> April 5 at 4:09pm
>
> FREE UFC223 FIGHT! SIGN UP: www.tvizion.com/free/6370
> -Sign up for TVizion Free 3 Day trial and get the UFC223 Fight for Free!
> -Watch on your Android phone, Tablet, Laptop, ... See More
>
> **FREE UFC223 FIGHT**
>
> SIGN UP: WWW.TVIZION.COM/FREE/6370
>
> SATURDAY, APRIL 7th
>
> UFC 223
>
> TWO TITLE FIGHTS
> FERGUSON vs KHABIB
> NAMAJUNAS vs JOANNA 2
>
> TVizion
> Electronics
>
> Send Message

21. Upon information and belief, Defendants directly engage in, aid and abet, or are acting within the scope of a principal-agent relationship with other persons that are receiving and retransmitting the DISH Programming on the Service. On Tvizion.com, Defendants claim "TVizion collaborates and has business relationships with other companies, for example, providers of channels, content, and services" and "TVizion may add or remove Entertainment, Content Providers, and/or

6

**PLAINTIFFS' COMPLAINT**

Channels from time to time without notice to you," evidencing their involvement with the receipt and distribution of the DISH Programming.

22. Plaintiffs notified Defendants of their unauthorized distribution of the DISH Programming by letters dated March 28, 2018 and March 29, 2018, demanding that Defendants cease all unauthorized use and redistribution of the DISH Programming and cease providing or selling subscriptions to the Service. Defendants failed to comply with Plaintiffs' demands continuing to use and redistribute the same and additional DISH Programming and continuing to provide and sell subscriptions to the Service, further evidencing Defendants' willfulness in violating the FCA.

23. Defendants' wrongful conduct has caused irreparable harm to Plaintiffs for which there is no adequate remedy at law. Defendants' acts have resulted in providing an unknown number of Defendants' Service subscribers with access to the DISH Programming, resulting in an unknown amount of revenues being diverted from Plaintiffs and an unknown amount of profits being received by Defendants. In addition to lost revenue and Defendants' profits, Defendants' actions cause harm to Plaintiffs in the form of loss of reputation and goodwill.

## CLAIMS FOR RELIEF

## COUNT I

**Violation of the Federal Communications Act, 47 U.S.C. § 605(a) – By DISH**

24. DISH repeats and realleges the allegations in paragraphs 1-23.

25. Defendants or persons acting in concert or participation with them received DISH's transmissions of the DISH Programming and retransmitted those communications or the content therein without authorization from DISH and for the benefit of Defendants and their subscribers, in violation of 47 U.S.C. § 605(a).

26. Defendants' sale and distribution of subscriptions and passcodes to the Service assist end users to receive DISH's transmissions of the DISH Programming or the content therein, without having authorization from DISH and for the benefit of the Service's end users, in violation of 47 U.S.C. § 605(a).

27. Defendants have been violating 47 U.S.C. § 605(a) willfully and for purposes of commercial advantage and private financial gain.

28. Defendants knew or should have known their actions were illegal and prohibited. Such violations have caused damage to DISH in an amount to be proven at trial. Unless restrained and enjoined by the Court, Defendants will continue to violate 47 U.S.C. § 605(a).

## COUNT II

## Violation of the Federal Communications Act, 47 U.S.C. § 605(e)(4) – By All Plaintiffs

29. Plaintiffs repeat and reallege the allegations in paragraphs 1-23.

30. Defendants sell and distribute subscriptions and passcodes used for accessing the Service in violation of 47 U.S.C. § 605(e)(4). Defendants intend for these subscriptions and passcodes to be used in receiving the DISH Programming or its content, without having authorization from DISH and for the benefit of the Service's end users, which is activity that violates 47 U.S.C. § 605(a).

31. Defendants violated 47 U.S.C. § 605(e)(4) willfully and for purposes of commercial advantage and private financial gain.

32. Defendants knew or should have known their actions were illegal and prohibited. Such violations have caused damage to Plaintiffs in an amount to be proven at trial. Unless restrained and enjoined by the Court, Defendants will continue to violate 47 U.S.C. § 605(e)(4).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

A. For a grant of permanent injunctive relief under 47 U.S.C. § 605(e)(3)(B)(i) restraining and enjoining Defendants, and any agent, servant, employee, attorney, or other person acting in active concert or participation with any of the foregoing that receives actual notice of the order, from:

**PLAINTIFFS' COMPLAINT**

      1.    receiving or assisting others in receiving DISH's satellite transmissions or the television programming contained therein without authorization, including transmitting DISH Programming or its content over the Internet or by other means, or distributing DISH Programming or its content to persons not authorized by DISH to receive or view that programming or channel; and

      2.    manufacturing, assembling, modifying, importing, exporting, selling, or distributing subscriptions or passcodes to the Service, streaming devices, or any other device or equipment that is intended for receiving or assisting in receiving DISH's satellite transmissions, DISH Programming, or its content without authorization;

    B.    For an order authorizing Plaintiffs to take possession of and destroy all subscriptions and passcodes to the Service, as well as all streaming devices, technologies, tools, software, products, components, or parts thereof in the custody or control of Defendants that the Court has reasonable cause to believe were involved in Defendants' violations of the FCA, pursuant to 47 U.S.C. § 605(e)(3)(B)(i);

    C.    For an order requiring removal of Defendants' advertisements and social media pages concerning the Service, and an order requiring transfer of Defendants' websites concerning the Service to Plaintiffs;

    D.    For an order directing Defendants to preserve and turn over to Plaintiffs all hard copy and electronic records concerning subscriptions or passcodes to the Service, or any similar product, including manufacturers, exporters, importers, dealers, or purchasers of such products, or any persons involved in receiving DISH's satellite transmissions or the programming contained therein without authorization;

    E.    Award DISH the greater of its actual damages together with any profits made by Defendants that are attributable to the violations alleged herein, or statutory damages in the amount of up to $10,000 for each violation of 47 U.S.C. § 605(a), under 47 U.S.C. § 605(e)(3)(C)(i), and to increase that amount by up to $100,000 for each violation, in accordance with 47 U.S.C. § 605(e)(3)(C)(ii);

1        F.     Award Plaintiffs the greater of their actual damages together with any profits made by Defendants that are attributable to the violations alleged herein, or statutory damages in the amount of up to $100,000 for each violation of 47 U.S.C. § 605(e)(4), under 47 U.S.C. § 605(e)(3)(C)(i);

       G.     Award Plaintiffs their costs, attorney's fees, and investigative expenses under 47 U.S.C. § 605(e)(3)(B)(iii);

       H.     For a full and accurate accounting of all profits and other benefits received by Defendants as a result of the wrongful conduct described herein;

       I.     For pre and post-judgment interest on all monetary relief, from the earliest date permitted by law at the maximum rate permitted by law; and

       J.     For such additional relief as the Court deems just and equitable.

Dated: April 27, 2018

                              Respectfully submitted,

                   By: s/ Kevin A. Goldberg
                      Kevin A. Goldberg (California Bar No. 315809)
                      kevin.goldberg@hnbllc.com
                      Timothy M. Frank (California Bar No. 263245)
                      timothy.frank@hnbllc.com
                      **HAGAN NOLL & BOYLE LLC**
                      820 Gessner, Suite 940
                      Houston, Texas 77024
                      Telephone: (713) 343-0478
                      Facsimile: (713) 758-0146

                      Attorneys for Plaintiffs DISH Network L.L.C. and NagraStar LLC